# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS

**KASIEM BROWN**,

    Petitioner,

v.                                                                                                                           Civil Action No. 2:19-CV-9
                                                                                                                (Judge Bailey)

**FREDERICK ENTZEL, Warden**,

    Respondent.

## ORDER DISMISSING PETITION

This case is now before the Court for consideration of the Respondent's Motion to Dismiss or, Alternatively, Motion for Summary Judgment [Doc. 16], filed May 9, 2019. On February 5, 2019, petitioner filed his § 2241 petition [Doc. 1]. Therein, he asserts one (1) ground for relief. Subsequent to the instant Motion, this Court issued a **Roseboro** Notice [Doc. 18] informing the petitioner of his right and obligation to file a response within twenty-one (21) days of the Order, and cautioned him that failure to so respond may result in entry of a dismissal order. Petitioner failed to respond even after being granted an extension of time within which to do so. For the reasons that follow, the § 2241 petition is **DISMISSED**.

## Legal Standards

A.     Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); *see also **Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (applying the

1

***Twombly*** standard and emphasizing the necessity of *plausibility*).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff.  ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996).  In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 555, upheld the dismissal of a Complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.  Although courts are to liberally construe *pro se* pleadings, *pro se* pleadings are not exempt from "***Twombly's*** requirement that a pleading contain more than labels and conclusions."  ***Giarratano***, 521 F.3d at 304 n.5.

B.  Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue exists "if the evidence is such that a

---

[1] FED. R. CIV. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).

reasonable jury could return a verdict for the non-moving party."[2]  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3]

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."[4]  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.[5]  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

A *pro se* party's pleadings are generally construed more liberally and held to a less stringent standard than pleadings drafted by an attorney.  See **Hughes v. Rowe**, 449 U.S. 5, 9 (1980).  However, even under that deferential standard, this Court can "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  **Neitzke v. Williams**, 490 U.S. 319, 327 (1989).

---

[2] **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986).

[3] **Anderson**, 477 U.S. at 250.

[4] **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986).

[5] Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248.

[6] **Anderson**, 477 U.S. at 249 (citations omitted).

## A. Due Process Requirements

In Ground One, petitioner asserts "[i]nsufficient evidence to support a conviction to offense code 111A." [Doc. 1 at 10]. In support, petitioner avers as follows: "The DHO found Brown guilty of violating offense Code 111A. To be guilty of offense 111A the act must involve narcotic drugs. Nothing in the evidence supports a finding that the offense involved any scheduled narcotics" Id. The incident report, No. 3119181, charged petitioner with a Code 111A violation – for attempting to introduce drugs into the prison and Code 196 – using prison mail for an illegal purpose. The DHO sanctioned petitioner a forty-one (41) day loss of Good Conduct Time, loss of visitation privileges, and a $100 fine. As relief, the petitioner seeks to vacate offense code 111A and to restore his good time credits, his privileges, the $100 fine returned, and that his custody classification be properly re-calculated.

The Supreme Court has identified the following due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; and (5) the decision-maker must be impartial. ***Wolff v. McDonnell***, 418 U.S. 539, 564-571 (1974).

4

First, he was clearly provided with notice of the charge at least twenty-four hours before his June 18, 2018, disciplinary hearing by receiving written notice on May 31, 2018. See Exh. 1, Bacote Decl., Attachment C (Incident Report). Second, the statement has a detailed description of the evidence taken directly from the Incident Report. Id. at Attachment C. Third, the petitioner was given the opportunity to call witnesses and present evidence, but the petitioner declined. Id. at Attachment D & F. Fourth, the petitioner was provided the opportunity to have a representative at the hearing. Id. at Attachments D, E & F. Finally, the petitioner does not allege – and no evidence shows – that the decision-maker was not impartial. Thus, it is apparent that the BOP provided the petitioner with adequate procedural due process pursuant to **Wolff**.

### B. Sufficiency of Evidence

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." ***Superintendent, Mass. Corr. Inst., Walpole v. Hill***, 472 U.S. 445, 455 (1985). The standard is satisfied if there is some evidence supporting the conclusion reached by the disciplinary board. ***Id***. In ***Hill***, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." ***Hill***, 472 U.S. at 456. Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that

5

logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457

In the instant case, the DHO specified what evidence she relied on in reaching his conclusion. Brown did not deny that he wrote a letter in which he provided instructions to an individual outside of the prison to explain how to conceal a substance and bring it into the prison to transfer that substance to Brown during a visit. See [Doc. 1-1]. Brown admits he was trying to have the visitor bring him a male enhancement supplement. Id. He argues the Court should preclude the BOP from disciplining him for attempting to introduce drugs into the prison because the letter did not specifically mention a narcotic drug. However, BOP staff disciplined him for violating a BOP policy known as "Code 111A," which applies when an inmate attempts to introduce narcotics, drugs, alcohol, or other intoxicants into the prison. See Ex. 1, Attachment C (Incident Report) and Attachment F (Discipline Report); 28 C.F.R. § 541.3. Federal regulations and BOP policy specifically empowers BOP staff to utilize the disciplinary infraction "Code 111A" whenever an inmate attempts to make or introduce into the prison any drug or other intoxicant that was not prescribed for the inmate by the prison medical staff. Id. This infraction does not explicitly require that the drug be identified as a narcotic drug. Id. Rather, the infraction applies whenever an inmate attempts to make or introduce into the prison any drug that was not prescribed for the inmate by prison staff. Id. Accordingly, based on the above, there was sufficient evidence that petitioner Brown committed the prohibited offense. His argument that the drug was not a narcotic simply lacks merit. Accordingly, the same is **DISMISSED**.

## C. Security Classification

Petitioner also requests his custody classification be recalculated. Federal prisoners, however, have no constitutional right to have a specific custodial security classification. **Moody v. Daggett**, 429 U.S. 78, 88 n.9 (1976). Addressing the alleged Fifth Amendment violation, precedent is clear prisoners have no constitutional right to be in general population or housed in specific prisons. See, e.g., *Id.*; **Beveratti v. Smith**, 120 F.3d 500, 503–04 (4th Cir. 1997). In order for inmate housing to implicate a Due Process right, it must "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," **Sandin v. Conner**, 515 U.S. 472, 484 (1995), and being housed in segregation, by itself, is not an atypical hardship. See **Beveratti**, 120 F.3d at 503 (holding that administrative segregation for six months with vermin, human waste, flooded toilet, unbearable heat, cold food, dirty clothing, no outside recreation, and no education did not constitute atypical as to impose a significant hardship). Additionally, any complaint of a change in security or custody classification cannot establish a constitutional violation because "prison officials can change an inmate's classification for almost any reason or no reason at all." **Brown v. Ratledge**, 2017 WL 4404248, at *7 (W.D. Va. Sept. 29, 2017), *aff'd*, 709 F. App'x 215 (4th Cir. 2018).

Again, petitioner has not made any showing that the DHO decision has created an atypical hardship. Nor has he stated a cognizable claim for any constitutional right to a specific security classification. Accordingly, this claim is denied.

### Conclusion

Upon careful review of the above, it is the opinion of this Court that the respondent's Motion to Dismiss or, Alternatively, for Summary Judgment **[Doc. 16]**, should be, and is, hereby **GRANTED**. Accordingly, the § 2241 petition **[Doc. 1]** is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 6, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE